UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NIKIYA T. MAXWELL,

        Plaintiff,

-vs-

NANCY A. BERRYHILL, Acting
Commissioner of Social
Security,

        Defendant.

1:15-CV-00585 (MAT)
**DECISION AND ORDER**

---

**I. Introduction**

Plaintiff Nikiya T. Maxwell ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), alleging that defendant Nancy A. Berryhill, the Acting Commissioner of Social Security (the "Commissioner" or "defendant"), improperly denied her application for supplemental security income. Currently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The parties' motions were referred to Magistrate Judge Jeremiah J. McCarthy for consideration of the factual and legal issues presented, and to prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised.

On July 19, 2017, Judge McCarthy issued an R&R (Docket No. 16) recommending that plaintiff's motion be granted to the extent that the matter be remanded for further administrative proceedings and that defendant's motion be denied. For the reasons discussed below,

the Court agrees with Judge McCarthy's findings and adopts the R&R in its entirety.

**II. Discussion**

    **A. Legal Standard**

When specific objections are made to a magistrate judge's report and recommendation, the district judge makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When no objections or only general objections are made, the district judge reviews the report and recommendation for clear error or manifest injustice. *See, e.g., DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). After conducting the appropriate review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

    **B. Plaintiff's Arguments and Judge MCarthy's R&R**

In support of her motion for judgment on the pleadings, plaintiff contended that the administrative law judge's ("ALJ") decision finding her not disabled was not supported by substantial evidence and was based on legal error. In particular, plaintiff argued that the ALJ failed to properly evaluate her medically determinable impairments of headaches, low back pain, and recurrent abscesses, and that the ALJ failed to properly assess her credibility.

In his R&R, Judge McCarthy rejected plaintiff's contention that the ALJ had failed to properly assess her medically

-2-

determinable impairments, determining that any errors made in this regard were harmless. However, Judge McCarthy agreed with plaintiff that the ALJ failed to properly assess here credibility. In particular, Judge McCarthy noted that the ALJ had misstated plaintiff's testimony regarding her activities of daily living, and had ignored entirely certain significant restrictions such as needing to sit while performing any sort of household chores. Judge McCarthy further explained that the error was not harmless because had the ALJ performed a proper credibility analysis, he could have concluded that plaintiff was unable to stand for two hours per day, as is required to perform sedentary work. Accordingly, Judge McCarthy recommended that plaintiff's motion be granted and that the case be remanded to permit the Commissioner to conduct an appropriate credibility analysis.

**C. The Commissioner's Objections**

The Commissioner has filed objections to Judge McCarthy's R&R, arguing that "[r]egardless of whether the ALJ accurately represented Plaintiff's stated limitations of activities of daily living, the record is replete with evidence that Plaintiff is capable of standing for two hours." Docket No. 18 at 3. The Commissioner contends that the ALJ's determination was therefore supported by substantial evidence and that the Commissioner's determination that plaintiff is not disabled should be affirmed.

In response to the Commissioner's objections, plaintiff argues that the Commissioner has failed to rebut Judge McCarthy's conclusion that the ALJ's credibility analysis was faulty.

-3-

Plaintiff notes that one purpose of the credibility analysis is to permit claimants to offer proof that may not be readily apparent from the medical evidence and argues that the ALJ's mischaracterization of plaintiff's activities of daily living defeated this purpose.

**D. Analysis**

The Court has considered the record and the Commissioner's objections *de novo*, and concurs with Judge McCarthy that remand of this matter is necessary. As Judge McCarthy correctly found, the ALJ's assessment of plaintiff's credibility was fundamentally unsound, inasmuch as it depended on misstatements regarding plaintiff's activities of daily living.

While the Commissioner is correct that there is medical evidence in the record to support the conclusion that plaintiff can stand for two hours, it is well-established that a claimant's subjective complaints "need not be substantiated by medical evidence, but simply consistent with it." *Hogan v. Astrue*, 491 F. Supp. 2d 347, 353 (W.D.N.Y. 2007) (internal quotation omitted). This is so because "[t]he entire purpose of [the ALJ's evaluation of a claimant's subjective complaints]... is to provide a means for claimants to offer proof that is not wholly demonstrable by medical evidence." *Id*. (internal quotation omitted). Indeed, the Second Circuit has noted that "[o]nly allegations beyond what is substantiated by medical evidence are to be subjected to a credibility analysis." *Meadors v. Astrue*, 370 F. App'x 179, 184 (2d Cir. 2010) (internal quotation omitted). In other words, the

Commissioner's argument that plaintiff's subjective allegations are unsupported by the medical evidence misses the point - by definition, allegations that are subjected to a credibility analysis extend beyond the objective medical evidence.

In this case, the ALJ expressly concluded that plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but ultimately found her statements about the limiting effects of her symptoms not wholly credible. Administrative Transcript ("T.") 78. As Judge McCarthy correctly found, this conclusion was based in large part on the ALJ's mischaracterization of plaintiff's statements regarding her activities of daily living. It is legal error for an ALJ to discount a claimant's credibility based on a mischaracterization of her testimony. *See Pronti v. Barnhart*, 339 F. Supp. 2d 480, 489 (W.D.N.Y. 2004). Moreover, the Court cannot conclude that the error was harmless, because had the ALJ credited plaintiff's subjective complaints, he could have concluded that she was unable to sit for two hours, as required for sedentary work. *See, e.g., Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (error is harmless only if there is "no reasonable likelihood" that proper consideration of the evidence would have changed the ALJ's determination).

For the foregoing reasons, and having considered the issue *de novo*, the Court agrees with Judge McCarthy that remand of this matter for reassessment of plaintiff's credibility is required.

Accordingly, the Court adopts Judge McCarthy's findings and recommendation.

**C.    Review of the Remainder of the R&R**

With respect to the unobjected-to portions of the R&R, the Court has reviewed Judge McCarthy's findings and recommendations for clear error and has found none. Accordingly, the Court adopts the R&R in total.

**III. Conclusion**

For the reasons set forth in Judge McCarthy's R&R, the undersigned adopts all of his conclusions. The R&R (Docket No. 16) is hereby adopted in its entirety. The Commissioner's motion for judgment on the pleadings (Docket No. 14) is denied and plaintiff's motion for judgment on the pleadings (Docket No. 8) is granted to the extent that the matter is remanded for further administrative proceedings. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

             **s/Michael A. Telesca**

             _____
              MICHAEL A. TELESCA
             United States District Judge

Dated:    November 2, 2017
     Rochester, New York